IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES GIBBS, on behalf of himself and others similarly situated, | § § § CIVIL ACTION NO. 1:16-cv-01145 |
| Plaintiffs, | § § |
| | § JURY TRIAL DEMANDED |
| v. | § § |
| FORESITE REALTY PARTNERS, L.L.C., | § COLLECTIVE ACTION § § |
| Defendant. | § § |

**COLLECTIVE ACTION COMPLAINT**

**I.    SUMMARY**

1.   Foresite Realty Partners, L.L.C. (hereinafter, "Foresite"), a commercial real estate and property management company, is violating the Fair Labor Standards Act ("FLSA") by forcing employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Foresite is legally obligated to pay.

2.   Plaintiff, James Gibbs, worked for Foresite at its Frog Pond Apartments property located in Natchitoches, Louisiana and was damaged by this illegal policy or practice. Plaintiff was denied the compensation he was due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former Foresite maintenance workers to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Western District of Louisiana. 28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

5. Plaintiff James Gibbs worked as a property maintenance worker for Foresite at its Frog Pond Apartments property, located at 3800 University Parkway, Natchitoches, Louisiana, 71457. He regularly worked in excess of 40 hours per week without receiving all the compensation that he was due under the FLSA. Plaintiff's consent is attached as Exhibit A.

6. The class of similarly situated employees consists of all current and former salaried property maintenance workers who were employed by Foresite during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant, Foresite Realty Partners, L.L.C., is a Domestic Limited Liability Company with a principal place of business at 5600 North River Rd. Suite 925, Rosemont, Illinois, that is engaged in commerce in the United States and is otherwise subject to the FLSA. Foresite employed Plaintiff within the meaning of the FLSA. Foresite may be served with process by serving its Registered Agent, LP Agents LLC, at 2 N. LaSalle Street, Suite 1300, Chicago, Illinois 60602.

## IV. BACKGROUND

8. Foresite is a commercial real estate and property management company headquartered in Rosemont, Illinois, with several properties in numerous states throughout the country, including Louisiana. Foresite provides various realty services, including investment services, corporate services and leasing, asset management, receiverships and bankruptcy, advisory and consulting services, development, and other related services. Foresite also maintains commercial and residential properties under its management and/or receivership, where it employs maintenance workers to work and live on the property site. Upon information and belief, Foresite employs other maintenance workers similarly situated to Plaintiff to do maintenance work for its properties.

9. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per week. However, the employees were not paid one and one-half times their regular rates for hours worked in excess of 40 each work week. Instead, upon information and belief, Foresite pays those non-exempt workers a flat-rate or salary despite working approximately 100 hours or more per week. As a result, Foresite fails to properly compensate its employees under the FLSA. Foresite also required Plaintiff and, upon information and belief, other Members of the Class, to remain on-call 24 hours per day, seven days per week. Therefore, Foresite employees were unable to effectively use their time for personal pursuits while they are on-call, and the time spent on-call was predominantly for the benefit of the employer rather than the employee.

## V. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

**A.** *Foresite Failed to Properly Pay Regular and Overtime Compensation.*

10. Plaintiff worked for Foresite as a maintenance worker, which required him to live on site at the Frog Pond Apartments located in Natchitoches, Louisiana. Because Plaintiff lived on the property, he frequently worked seven consecutive days per week and remained on call 24 hours per day.

11. Plaintiff was a full-time, non-exempt employee for Foresite. In a typical workweek, Plaintiff worked approximately 100 hours or more. Additionally, Plaintiff was required to remain on-call 24 hours per day, seven days per week, throughout the year. Regardless of the number of hours worked, Foresite paid the non-exempt Plaintiff a flat-rate salary of $1615.00, every two weeks. Based on the number of hours Plaintiff suffered or was permitted to work and the amount of compensation he received, Foresite failed to pay Plaintiff the statutory minimum wage.

12. The FLSA requires Foresite to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff worked in excess of 40 hours per week. Upon information and belief, Foresite pays all of its maintenance workers pursuant to the same illegal practice and/or policy.

13. By failing to pay Plaintiff as described above, Foresite has deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

**B.** *Foresite Willfully Violated the FLSA.*

14. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum

wage and overtime compensation to non-exempt employees, like Plaintiff.  Foresite failed to follow those rules when paying Plaintiff.

15. Foresite has a policy and/or practice of requiring its employees to work substantial hours maintaining its properties and remaining on-call, without paying overtime compensation and without paying the required minimum wage.

16. Foresite knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for the Plaintiff.

### VI. COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff is aware that Foresite's illegal policies or practices have been imposed upon Members of the Class.  Like Plaintiff, the Members of the Class are employed by Foresite as maintenance workers for Foresite's properties.  The Members of the Class perform job duties similar to Plaintiff, as described above.

18. As with Plaintiff, Members of the Class frequently work(ed) seven days a week, at approximately 100 hours per week or more.  Upon information and belief, Foresite requires Members of the Class to be on-call for 24 hours per day, seven days per week.

19. As with Plaintiff, Members of the Class are paid a flat-rate salary every two weeks.  Upon information and belief, Members of the Class do not receive any overtime compensation despite working a significant number of overtime hours.  Due to the excessive number of hours suffered or permitted to work, upon information and belief, Members of the Class do not receive minimum wage for all hours worked and do not receive overtime compensation for all hours worked in excess of 40 per week.

20. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former salaried maintenance workers who were employed by Foresite during the three-year period preceding the filing of this complaint.**

21. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

22. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII. CAUSES OF ACTION

23. The preceding paragraphs are incorporated by reference.

24. As set forth above, Foresite violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207.

25. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

26. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

27. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216(b).

## VIII. JURY DEMAND

28. Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award him and Members of the Class judgment against Foresite Reality Partners, LLC for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 5th day of August, 2016.

Respectfully submitted,

By: ___/s/ Barrett Beasley___
Barrett Beasley
Louisiana Bar Roll No. 25984
SALIM-BEASLEY, LLC
1901 Texas Street
Natchitoches, LA 71457
Telephone: (318) 352-5999
Facsimile: (318) 352-5998
Email: bbeasley@salim-beasley.com

*PENDING MOTION FOR
PRO HAC VICE ADMISSION*
Robert W. Cowan
BAILEY PEAVY BAILEY COWAN
HECKAMAN, PLLC
Texas Bar No. 24031976
Federal Bar No. 33509
440 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
Email: rcowan@bpblaw.com

**ATTORNEYS FOR PLAINTIFF**